IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MATTHEW DUNCAN, Individually and on
behalf of all others similarly situated,

     Plaintiff,

   v.

XTO ENERGY, INC.,

     Defendant.

Civil Action No. 22-0091-GBW

---

## <u>MEMORANDUM ORDER</u>

At Wilmington, Delaware this 15th day of September, 2022.

Having reviewed the parties' briefing and other materials filed with respect to Defendant
XTO Energy, Inc.'s ("XTO") motion to stay pending the Supreme Court of the United States of
America's decision in *Hewitt v. Helix Energy Solutions, Inc.*, No. 19-20023 (5th Cir. 2021), *cert.*
*granted*, 2022 WL 1295708 (U.S. May 2, 2022) (No. 21-984), IT IS HEREBY ORDERED that
XTO's motion (D.I. 23) is GRANTED, for the reasons stated below.  It is further ORDERED that,
within fourteen days following the ruling in *Hewitt*, the parties shall meet and confer in good faith
and file a joint status report to notify the Court on the implications of that decision on each parties'
respective positions.

1. On March 11, 2022, Plaintiff Matthew Duncan ("Duncan") filed an Amended Complaint
against XTO to recover overtime allegedly owed to him and purportedly similar workers pursuant
to the Fair Labor Standards Act "(FLSA"), 29 U.S.C. § 207, *et seq*.  D.I. 16.  In response, XTO
filed a Motion to Dismiss Plaintiff's Amended Complaint (D.I. 19), asserting that Duncan and
similarly situated workers are exempt from the FLSA's overtime provision under the highly

1

compensated employee ("HCE") exemption. XTO's Motion to Dismiss is currently pending before the Court.

2. On May 2, 2022, while litigation matters in the present dispute were ongoing, the Supreme Court granted certiorari to review the Fifth Circuit's *en banc* decision in *Hewitt* and address the circuit split regarding whether the detailed requirements of the reasonable relationship test, 29 C.F.R. § 541.604, apply to an employee who qualifies under the HCE exemption of the FLSA. 29 C.F.R. § 541.601(a)(1). It is set for oral argument in early October.

3. On May 25, 2022, XTO filed a Motion to Stay proceedings pending the Supreme Court's decision in *Hewitt*. D.I. 23. Duncan contests the Motion to Stay. D.I. 26. While the parties disagree about the impact the Supreme Court's decision in *Hewitt* will have on this case, neither party claims that the decision will be irrelevant.

4. On September 14, 2022, Duncan filed a Motion for Conditional Certification and Court-Authorized Notice, along with a Motion for Expedited Consideration, requesting the Court conditionally certify a putative class of similarly situated workers and provide notice to such purported members. D.I. 29. XTO opposes Duncan's motion. D.I. 31.

5. A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing

*Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). In this action, these factors favor granting a stay.

6. A stay would simplify the issues before this Court. To be considered exempt from overtime under the HCE exemption, the FLSA requires the employee satisfy three tests: salary level, salary basis, and duties. 29 C.F.R. § 541.601(a). The Supreme Court's decision in *Hewitt* will not only decide whether HCEs must additionally meet the reasonable relationship test of 29 C.F.R. § 541.604, but will also resolve whether the reasonable relationship test underlies the salary basis test. Thus, the reasonable relationship test acts as the linchpin to interpreting the salary basis test. Continuing this litigation while one of those three tests hangs in the balance of the Supreme Court's review would be contrary to judicial economy, while wasting the time and resources of both parties.

7. The stage of this litigation weighs in favor of a stay. This dispute is at an early juncture, with fact discovery yet to commence and no trial date set.

8. A stay will not unduly prejudice Duncan or other similarly situated workers. Rather, the Court finds that both parties would benefit from a stay of the present matter in order to gain pertinent insight that the Supreme Court may offer regarding the HCE exemption. Such insight may narrow the issues presented and streamline discovery. While the Court is aware of Duncan's pending Motion for Conditional Certification (D.I. 29), Duncan has not identified an instance where granting a stay will result in the loss of claims due to the expiration of the statute of limitations of the prospective putative class members.

9. Thus, given the pertinent factors weigh in favor of a stay, XTO's Motion to Stay this litigation pending the Supreme Court's decision in *Hewitt* is GRANTED. Either party may seek leave to lift the stay for good cause shown at an earlier time, if believed necessary and appropriate.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE